UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JODIE PAVITT, JENNIFER MERTLICH, and SIMON KAUFMAN, individually and on behalf of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX, INC.,<br><br>Defendant. | NO.<br><br>CLASS ACTION<br><br>COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

Plaintiffs JODIE PAVITT, JENNIFER MERTLICH and SIMON KAUFMAN, individually and on behalf of all other similarly situated consumers of the United States, file this class action complaint against Defendant EQUIFAX, INC.

### I.   NATURE OF THE ACTION

1.   Plaintiffs file this Complaint as a national class action lawsuit on behalf of approximately 140 million consumers—including green card holders and business customers—across the United States, who have been and continued to be harmed as a result of Defendant Equifax's 2017 data breach because of Equifax's failure to utilize proper safeguards in the

COMPLAINT FOR DECLARATORY RELIEF,  STRITMATTER KESSLER WHELAN
INJUNCTIVE RELIEF, AND DAMAGES - 1    KOEHLER MOORE KAHLER
                                       3600 15th Avenue West, #300
                                       Seattle, Washington  98119
                                       T: 206.448.1777

storage and collection of sensitive Personally Identifying Information. To worsen matters, Equifax immediately exploited the harm it brought to its roughly 143 million customers, with its hastily erected incident response site, EquifaxSecurity2017.com. By way of EquifaxSecurity2017.com, Defendant offered the deceptive promise of one year of "free" credit monitoring in exchange for waiving their right to pursue legal action in a court of law. Plaintiffs request in this Complaint injunctive relief that will prohibit Defendant from (a) pursuing a class action ban that would violate federal and state laws and (b) persisting in its unfair, deceptive and abusive trade practices that lull consumers into a false state of complacency after accepting Defendant's offer of "free" credit file monitoring. This Complaint also seeks fair compensation for all class members who have been or will be injured by the deceptive, unfair, and otherwise wrongful business practices and conduct of Defendant and its agent(s) that violate Washington and federal laws. This Complaint's allegations are based on (1) information provided by the Securities and Exchange Commission (SEC), the Federal Trade Commission (FTC), and other governmental agencies along with (2) personal knowledge as to Defendant's conduct relative to its negligent data security practices before and after the September 7, 2017 announcement and (3) personal knowledge as to Defendant's conduct with regard to stocks sold over the New York Stock Exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1332 because the Parties are citizens of different states and the amount in controversy is well in excess of $143 million exclusive of penalties. Venue is proper under 28 USC §1391 because a significant portion of Washington State consumers with credit and personal information collected and stored at Defendant's database(s) reside in the Seattle, Washington area.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES - 2

STRITMATTER KESSLER WHELAN KOEHLER MOORE KAHLER
3600 15th Avenue West, #300
Seattle, Washington 98119
T: 206.448.1777

### III. PARTIES

3. Defendant Equifax has a market capitalization of approximately $14.8 billion as of September 8, 2017 with headquarters in Atlanta, Georgia. Defendant operates via different entities that include TrustedId, Inc. (a.k.a TrustedIdPremier.com), Equifax Personal Solutions, LLC (a.k.a. PSOL) and Equifax Information Services, LLC. Each of these entities acts and continues to act as agents of Defendant. In the alternative, these entities act and continue to act in concert with Defendant as alleged in this Complaint. Acts and omissions referenced in this Complaint occurred, were initiated, were furthered, or were given assistance in Washington State.

4. Jodie Pavitt is an individual who resides in Port Orchard, Washington. Simon Kaufman is an individual who resides in Seattle, Washington. Jennifer Mertlich is an individual and small business owner who resides in Puyallup, Washington.

### IV. GENERAL ALLEGATIONS

5. Defendant is in the business of collecting and selling consumer credit data to other businesses, including, but not limited to, banks, utilities, insurance firms, and government agencies.

6. Defendant is in the business of selling credit file monitoring and "identity theft protection" to customers who are concerned about fraudulent use of their Personally Identifiable Information.

7. Plaintiffs are United States consumers--including U.S. citizens, green card holders, and business customers—whose Personally Identifying Information, such as social security number, date of birth, and credit histories is collected by Defendant.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES - 3

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Avenue West, #300
Seattle, Washington 98119
T: 206.448.1777

8. Defendant is directly or else vicariously liable for the wrongful acts, omissions, and other conduct referenced in this Complaint.

9. Defendant profits when consumers such as Plaintiffs purchase its "identity theft protection" and credit monitoring services.

10. When U.S. consumers, including U.S. citizens, green card holders and business customers, learn that unauthorized Third Parties may have gained access to their Personally Identifying Information, they are more likely to purchase credit monitoring services from Defendant.

11. Because of Defendant's data breach announced on September 7, 2017, Defendant has invited over 143 million consumers to "enroll in complimentary identity theft protection and credit file monitoring."[1]

12. When U.S. consumers and business owners like Plaintiffs require a satisfactory credit rating, Defendant profits in selling Plaintiffs' data.

13. Defendant took custody and possession of Plaintiffs' and millions of other U.S. consumers' and business customers' Personally Identifying Information.

14. Personally Identifying Information is very personal and private for U.S. citizens, green card holders, and business owners, who allow Defendant to collect, store and access it.

15. Personally Identifying Information is valuable property.

16. Personally Identifying Information is more valuable the more private it is.

17. Personally Identifying Information is sold for money.

---

[1] https://www.equifaxsecurity2017.com/ (last visited Sept. 9, 2017).

18. An increase in the number of entities, especially unauthorized Third-Parties, who gain access to Personally Identifying Information, reduces the value by which the Personally Identifying Information can be sold.

19. Personally Identifying Information of U.S. consumers and business owners made more readily available to bad actors can injure the consumer's trade.

20. Personally Identifying Information of a U.S. consumer or a business owner made more readily available to bad actors can injure the consumer's or business owner's property.

21. Personally Identifying Information of a U.S. consumer or business owner that is made public can injure the consumer's privacy.

22. Defendant represented to Plaintiffs and millions of similarly situated consumers and business customers that Defendant would safeguard and maintain the confidentiality of Personally Identifying Information in its possession and custody.

23. Defendant represented to consumers that Defendant would maintain the security of Personally Identifying Information in its possession and custody.

24. In providing and profiting from its collection of Plaintiffs' and millions of other U.S. citizens', green card holders', and business owners' Personally Identifying Information, Defendant accepted a legal duty to maintain and protect the confidentiality of these consumers' Personally Identifying Information from unauthorized users.

25. Defendant is in the business of selling consumers' and business owners' credit histories and credit ratings. It accepted a legal duty to maintain the security of these consumers'/business owners' Personally Identifying Information.

26. From around May 2017 through July 29, 2017, Defendant willfully, knowingly, callously, recklessly, and negligently permitted and allowed one or more unauthorized "Third-

1  Parties" to access the Personally Identifying Information of Plaintiffs along with the Personally

2  Identifying Information of over a hundred million U.S. citizens, green card holders, and business

3  customers without their prior express consent.

4      27.    Defendant allowed unauthorized Third-Parties to take possession of this Private

5  Information without regard for the unauthorized Third-Parties' designs on Plaintiffs' and millions

6  of other consumers' and business customers' Personally Identifying Information.

7      28.    Defendant knew, or should have known, about the Third-Parties' taking of Private

8  Information when it happened or soon thereafter. However, three executives of Defendant sold

9  almost $2 million worth of their shares of Defendant's stock according to SEC filings weeks

10  before informing the majority of Defendant's shareholders and before informing affected

11  consumers and business owners, like Plaintiffs.

12      29.    Defendant persists with its unfair, deceptive and otherwise wrongful conduct

13  under state and federal law as it now creates the illusion that Plaintiffs and other consumers may

14  benefit from Defendant's offer of "free" credit monitoring service **as long as Plaintiffs or other**

15  **affected consumers relinquish the right to sue.**

16      30.    Defendant includes the following language in its Terms of Conditions to

17  consumers who accept its credit monitoring services:

> AGREEMENT TO RESOLVE ALL DISPUTES BY BINDING INDIVIDUAL ARBITRATION. PLEASE READ THIS ENTIRE SECTION CAREFULLY BECAUSE IT AFFECTS YOUR LEGAL RIGHTS BY REQUIRING ARBITRATION OF DISPUTES (EXCEPT AS SET FORTH BELOW) AND A WAIVER OF THE ABILITY TO BRING OR PARTICIPATE IN A CLASS ACTION, CLASS ARBITRATION, OR OTHER REPRESENTATIVE ACTION. ARBITRATION PROVIDES A QUICK AND COST EFFECTIVE MECHANISM FOR RESOLVING DISPUTES, BUT YOU SHOULD BE AWARE THAT IT ALSO LIMITS YOUR RIGHTS TO DISCOVERY AND APPEAL.

31. In response to growing outrage expressed on social media after consumers found the Defendant's arbitration clause on its new website, Defendant made a feeble attempt to soften the blow: Defendant posted a qualification on its new website that "The arbitration clause and class action wavier [sic] included in the TrustedID Premier Terms of Use applies to the free credit file monitoring and identity theft protection products, and not the cybersecurity incident."[2]

32. The Consumer Financial Protection Bureau (CFPB), in July 2017, issued a rule to **ban companies from using arbitration clauses to deny groups of consumers their day in court.** 82 FR 33210 18 (effective September 18, 2017).

33. Defendant's conduct is unfair, deceptive, and otherwise wrongful under state and federal law.

34. Defendant's conduct has reduced, eliminated and harmed the economic value of the Personally Identifying Information accessed by unauthorized Third-Parties.

35. Defendant's conduct injured the property, trade, and privacy of a number of consumers, including Plaintiffs.

36. Defendant's conduct proximately caused damages to millions of consumers, including Plaintiffs. For example, Ms. Mertlich will have to devote additional money to protect her small business from fraudulently obtained lines of credit and utility bills. She has two young children and a firefighter husband, and will have to divert her attention and time away from her business and spend at least $19.95/year for additional identity theft protection and credit file monitoring for a minimum of three to seven years.

37. Defendant's offer of one year of "complimentary" credit file monitoring, with significant strings attached, is a hollow gesture—in light of Defendant's willfully insufficient and

---

[2] https://www.equifaxsecurity2017.com/frequently-asked-questions/ (last visited 9/8/2017).

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES - 7

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Avenue West, #300
Seattle, Washington 98119
T: 206.448.1777

negligent collection and storage practices of Plaintiffs' and many other consumers' and business customers' Personally Identifiable Information that unauthorized Third-Parties have already accessed. At root, Defendant's gesture is a poorly executed public relations effort and callous attempt to increase leads for its credit file monitoring business (e.g., TrustedID).

## IV.   CLASS ALLEGATIONS

38.   Plaintiffs bring this national class action pursuant to Civil Rule 23 individually and as representatives of the following class of persons (the "Class").  The Washington State class consists of citizens, green card holders, and business customers who reside in Washington State and:

   A.) Had their Personally Identifying Information compromised due to unauthorized third-party access as announced on September 7, 2017, and

   B.) Were and continue to be at risk of harm because of the wrongful conduct of Defendant or Defendant's agent(s) directly related to the July 29, 2017 (or earlier) third party data breach of approximately 143 million consumers' Personally Identifying Information as announced by Defendant on September 7, 2017.

39.   Identifying the precise number of aggrieved consumers in Washington State is straightforward: Query the Defendant's database and calculate that half of Washington consumers—approximately 3,640,000—had their Personally Identifiable Information compromised from Defendant's 2017 data breach. Then, include half of the Washington based businesses—approximately 182,000—that were also harmed because of Defendant's 2017 data breach.

40.   The Class excludes any judge assigned to this action and all counsel of record, all attorneys for the class, as well as all officers and members of Defendant Equifax or its agents.

41.   The Class's claims satisfy all of the requirements for class certification pursuant to Civil Rule 23.

COMPLAINT FOR DECLARATORY RELIEF,
INJUNCTIVE RELIEF, AND DAMAGES - 8

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Avenue West, #300
Seattle, Washington  98119
T: 206.448.1777

42. The Class includes a number of Washington residents as well as millions of consumers who reside throughout the nation. Joinder of all of the Class members in a single action is impracticable. In fact, given the number of Class members, the only way to deliver substantial justice to all Class members is by means of a class action.

43. Questions of fact and law are common to all Class members. These common questions predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's conduct include, without limitation, the following:

(a) Does Personally Identifying Information have economic value?

(b) Did Defendant have a duty to maintain the confidentiality and security of the Personally Identifying Information of consumers in the possession and custody of Defendant or its agent(s)?

(c) Did Defendant breach their duty to consumers like Plaintiffs by permitting unauthorized third-parties to access and/or take their Personally Identifying Information?

(d) Are consumers damaged by the unauthorized taking of their Personally Identifying Information?

(e) What legal remedies are available under state and federal law to consumers like Plaintiffs for Defendant's wrongful conduct alleged in this Complaint?

With regard to only the Washington State class:

(f) Did Defendant's conduct violate provisions of WAC 284-04-625 and RCW 19.255.010?

(g) Do violations of WAC 284-04-625 and RCW 19.255.010 constitute unfair or deceptive business practice under Washington's Consumer Protection Act?

(h) Did Defendant's conduct otherwise violate Washington's Consumer Protection Act or any other provision of Washington law?

COMPLAINT FOR DECLARATORY RELIEF,
INJUNCTIVE RELIEF, AND DAMAGES - 9

STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Avenue West, #300
Seattle, Washington  98119
T: 206.448.1777

44. These questions, and other questions like them, predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of claims of all Class members.

45. Plaintiffs' claims are typical of those of the other Class members.

46. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or failed to act in a general manner as part of a systemic process for which Class members are entitled to remedies.

47. Plaintiffs are adequate representatives of the Class. Plaintiffs are represented by nationally and locally recognized counsel with experience representing clients in class action litigation, including data breach (e.g., *In Re Anthem Data Breach*) and numerous consumer protection class actions.

48. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each of the numerous persons who comprise the Class to bring separate, individual actions for their claims under state and federal law. The maintenance of such separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members under state and federal law.

## V.   REQUEST FOR RELIEF

49. As permitted by state and federal law, Plaintiffs respectfully requests that the Court enter judgment in favor of Plaintiffs and the Class against Defendant and provide relief as follows:

A.  Certify the Class, appoint Plaintiffs' counsel as counsel for the Class, and appoint Plaintiffs as representative of the Class;

B.  Declare the illegality of Defendant's conduct under Washington law and federal law;

C.  Grant extraordinary, equitable, and injunctive relief of sufficient particularity to ensure that Defendant will preserve the confidentiality and security of the Personally Identifying Information of Class members;

D.  Award damages to the Class, including Plaintiffs;

E.  Award treble damages to the Class, including Plaintiffs;

F.  Award a reasonable incentive award to Plaintiffs in accord with the Court's assessment of Plaintiffs' contributions to advancing the interests of the Class;

G.  Award Plaintiffs and Plaintiffs' counsel reimbursement for the expenses they incur in connection with this action, including reasonable attorney fees, expert witness fees, and other costs as provided by law or equity; and

H.  Grant all other and further relief as the Court deems just and proper under law or equity.

Dated:  September 11, 2017.

*/s/    Catherine J. Fleming*
Catherine J. Fleming, WSBA #40664
Brad J. Moore, WSBA #21802
Ray W. Kahler, WSBA #26171
**STRITMATTER KESSLER WHELAN KOEHLER MOORE KAHLER**
3600 15th Avenue West, #300
Seattle, Washington 98119
Tel: (206) 448-1777
Fax: (206) 728-2131
Email: Catherine@stritmatter.com;
Brad@stritmatter.com;
Ray@stritmatter.com